UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUGO PALENCIA,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:22-CV-00808<br><br>(MEHALCHICK, J.) |

## ORDER

Before the Court is a motion to dismiss and for summary judgment filed by Defendants the Federal Bureau of Prisons ("BOP") and Colette S. Peters ("Peters") (collectively, "Defendants"). (Doc. 27). *Pro se* prisoner-Plaintiff Hugo Palencia ("Palencia") has neither filed a response to Defendants' motion to dismiss and for summary judgment nor a motion seeking an extension of time to do so. On February 20, 2024, Magistrate Judge Martin C. Carlson filed a report and recommendation ("the Report") recommending Defendants' motion be granted. (Doc. 37). There were no objections filed to the Report.[1] For the following reasons, in accordance with Judge Carlson's recommendation, Defendants' motion will be **GRANTED**. (Doc. 27; Doc. 37).

---

[1] On February 20, 2024, Palencia filed an Affidavit for Discovery and in Opposition Of Defendants' Motion To Dismiss And For Summary Judgment and an Affidavit In Support of Material Facts. (Doc. 38; Doc. 39). Upon review, and in consideration of the liberal pleading standard extended to *pro se* litigants, the Court finds these documents are not sufficient as objections to the instant Report and Recommendation and are not timely for consideration in ruling on Defendants' motion. These documents largely restate the claims made in Palencia's amended complaint or present new claims. (Doc. 19; Doc. 38; Doc. 39). Accordingly, these documents will not be considered for the instant motion.

**I.     LEGAL STANDARDS**

    A.  DISTRICT COURT REVIEW OF A REPORT AND RECOMMENDATION

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

    B.  FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, at 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers"

4

and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

    C. M<span style="font-variant:small-caps">otion for</span> S<span style="font-variant:small-caps">ummary</span> J<span style="font-variant:small-caps">udgment</span>

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted." *See* M.D. Pa. L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a pro se

litigant. These rules apply with equal force to all parties. *Morrison v. United States*, No. 1:20-CV-01571, 2021 WL 4192086, at *3 (M.D. Pa. Sept. 15, 2021) (citing *Mala v. Crown Bay Marina*, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se parties "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants")).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249.

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must go beyond the pleadings with affidavits or declarations, answers to interrogatories, or the like to demonstrate specific material facts which give rise to a genuine issue. Fed. R. Civ. P. 56(c); *Celotex,* 477 U.S. at 324. The non-movant must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323. Furthermore, mere conclusory allegations and self-serving testimony, whether made in the complaint or a sworn statement, cannot be used to obtain or avoid summary judgment

when uncorroborated and contradicted by other evidence of record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Thomas v. Delaware State Univ.*, 626 F. App'x 384, 389 n.6 (3d Cir. 2015) (not precedential) ("[U]nsupported deposition testimony, which is contradicted by the record, is insufficient to defeat summary judgment."); *Nat'l Labor Rel. Bd. v. FES*, 301 F.3d 83, 95 (3d Cir. 2002) ("[The plaintiff's] testimony . . . amounts to an unsupported, conclusory assertion, which we have held is inadequate to satisfy the movant's burden of proof on summary judgment."). With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## II. DISCUSSION

Since the Report explains the factual and procedural background of this case in detail, this Court will only include here what is relevant for the purposes of this Memorandum. (Doc. 37, at 1-6). Palencia's operative amended complaint asserts claims against the Federal Bureau of Prisons and its new director, Colette S. Peters, for "ethics and breach of contract,[2] 1983, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), Civil Rights Act of 1964, Title VI, U.S.C. § 794, Rehabilitation Act of 1973, § 504, 29 U.S.C. § 794, violations." (Doc. 19, at 1). The Report concludes that Palencia's claims are unexhausted and barred by the Prison Litigation Reform Act ("PLRA") and fail as a matter of law. (Doc. 37, at 14, 18). Also, that Palencia is not entitled to compensatory damages or injunctive relief. (Doc. 37, at 24). For the following reasons, the Court agrees with these conclusions.

---

[2] While Defendants do not assert any arguments regarding Palencia's breach of contract claim in their motion or brief, the Report recommends Palencia's state law breach of contract claim be dismissed. (Doc. 37, at 5 n.2). A federal district court may decline to exercise supplemental jurisdiction over state law claims when the district court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c). Accordingly, the Court agrees with the sound reasoning of the Report and this claim is **DISMISSED**.

7

A. PALENCIA HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES UNDER THE PLRA

The PLRA mandates that a prisoner pursue all available avenues of relief through the applicable grievance system before initiating a federal civil rights action. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) ("[A]n inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues."). Section 1997e provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under [S]ection 1983 of this title, or any other [f]ederal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory. *See Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *see also Booth*, 532 U.S. at 742 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures").

As stated in the Report, Palencia has failed to provide evidence of exhaustion or otherwise argue administrative remedies were unavailable to him. (Doc. 27; Doc. 37, at 18). As the Court cannot excuse compliance with those requirements, the Court concurs with the Report. (Doc. 37, at 18). Because Palencia has failed to exhaust his administrative remedies with respect to his *Bivens* claims, these claims are **DISMISSED**. (Doc. 37, at 18).

B. PALENCIA'S CONSTITUTIONAL CLAIMS FAIL AS A MATTER OF LAW

The Report states, "setting aside the plaintiff's failure to exhaust his administrative remedies which has resulted in him being wholly barred from pursuing these *Bivens* claims against the defendants, the plaintiff's complaint fails to state a claim of a constitutional dimension demonstrating he is entitled to relief." (Doc. 37, at 18). Palencia alleges that he was subjected to extreme conditions of confinement in violation of the Eighth Amendment.

(Doc. 37, at 18-20). To establish an Eighth Amendment claim, Palencia must show that he has been deprived of "the minimal civilized measure of life's necessities." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997) (quoting *Young v. Quinlan*, 960 F.2d 351, 361 (3d Cir. 1991)). Palencia must provide that the conditions of his confinement pose "a substantial risk of serious harm" to his health or safety. *Farmer*, 511 U.S. at 834. "In considering such claims, courts emphasize the duration of the complainant's exposure to the allegedly unconstitutional conditions and the 'totality of the circumstances' as critical to a finding of cruel and inhumane treatment." (Doc. 37, at 20); *Rhodes*, 452 U.S. at 362-63. Here, the Court agrees with the Report that Palencia's claims fail to meet this high threshold. He has not alleged any physical abuses or hardships that put him at risk of serious harm. (Doc. 19). Accordingly, the Court agrees with the Report's sound reasoning that Palencia's "complaint falls short of alleging wrongdoings that rise to a constitutional dimension," and his claims shall be **DISMISSED**.[3]

### C. Palencia is Not Entitled to Injunctive Relief or Compensatory Damages

The Report concludes that Palencia's prayers for relief fail as a matter of law. (Doc. 37, at 24). Regarding his request for injunctive relief, Palencia does not have a constitutional right to any particular security classification or the housing facility of his choice. *See Wilkinson v. Austin*, 125 S. Ct. 2384, 2393 (2005) (stating that the Constitution does not give rise to a liberty interest in avoiding transfers to more adverse conditions of confinement); *Marti*, 227 F. App'x at 150 (an inmate cannot challenge a "Greatest Severity" PSF assignment because

---

[3] To the extend that the amended complaint alleges constitutional violations under the First, Fifth, and Fourteenth Amendments, this Court agrees that a merits determination need not be made. (Doc. 19; Doc. 37, at 19 n.3). Palencia makes no argument or averment as to the basis of these claims and the Court has found they are unexhausted. (Doc. 37, at 19 n.3). Accordingly, as the Report recommends, these claims is **DISMISSED**.

"no due process right[ ] to any particular security classification" exists) (citing *Moody*, 429 U.S. at 88 n.9). To the extent that Palencia claims his transfer to USP Lewisburg violated his constitutional rights by subjecting him to harsher conditions of confinement, he has failed to establish a violation of his constitutional rights. *See Mundo-Violante v. Warden Loretto FCI*, 654 F. App'x 49, 51 (3d Cir. 2016) ("neither BOP policy nor the Due Process Clause gives a prisoner a liberty interest in a particular housing location or custody level while under the jurisdiction of correctional authorities") (citations omitted). Housing placement is within the BOP's broad discretion, as they are entitled to make decisions to preserve order, security, and discipline within the prison facility. *See Mundo-Violante*, 654 F. App'x at 51. Thus, Palencia does not have a right to the injunctive relief he seeks.

Further, Palencia's claims for compensatory damages are barred by 42 U.S.C. § 1997e(e) because he alleges no physical injury. (Doc. 32, at 34-35). Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). More than a *de minimis* physical injury must be alleged as a predicate to allegations of mental or emotional injury. *See Mitchell v. Horn*, 318 F.3d 523, 536 (3d Cir. 2003). The Third Circuit has recognized that where a plaintiff fails to allege actual injury, section 1997e(e) bars recovery of compensatory damages. *Allah v. Al-Hafeez,* 226 F.3d 247, 250 (3d Cir. 2000). Palencia does not allege any actual injury in his amended complaint. (Doc. 19). Thus, Palencia does not have a right to compensatory damages. Accordingly, Defendants' motion shall be **GRANTED** as to Palencia's claims for injunctive relief and compensatory damages.

**III.    LEAVE TO AMEND**

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Third Circuit has also acknowledged that a district court has "substantial leeway in deciding whether to grant leave to amend." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). *Pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004); *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted).

The Report recommends Palencia's amended complaint be dismissed with prejudice because Palencia's failure to exhaust administrative remedies renders any attempt to amend his complaint futile. This Court agrees. The Court therefore declines to grant Palencia leave to amend, thus dismissing his amended complaint with prejudice. (Doc. 19; Doc. 37, at 26).

**IV.    CONCLUSION**

The Court agrees with the sound reasons of Judge Carlson's Report and finds no clear error on the face of the record. This Court will therefore adopt his report and recommendation in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

(1) The report and recommendation of Judge Carlson (Doc. 37) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court.

(2) Defendants' motion to dismiss and for summary judgment is **GRANTED**. (Doc. 27).

(3) Palencia's Amended Complaint (Doc. 19) is **DISMISSED WITH PREJUDICE**.

(4) The Clerk of Court is directed **to CLOSE THIS CASE**.

**DATE: March 15, 2024**

BY THE COURT:

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**
